UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAIGE NATH, | ) | CASE NO. 1:07 CV 1935 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ST. VINCENT CHARITY HOSPITAL, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On June 28, 2007, plaintiff pro se Paige Nath filed this in forma pauperis action under 42 U.S.C. § 1983 against St. Vincent Charity Hospital. The amended complaint alleges Ms. Nath was improperly held in defendant's psychiatric emergency room, and that she was unduly restrained and subjected to forced, and excessive, medication. It is further alleged that property belonging to plaintiff was not returned to her, and that she was held in hospitals and nursing homes without good cause. She asserts these actions violated her constitutional rights. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

In Parratt v. Taylor, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Ms. Nath does not meet the threshold requirement in Parratt, as there is no indication defendant acted under color of state law. Further, there are no facts set forth in the complaint suggesting a proper basis for this court's jurisdiction, as the parties are both located in Ohio and no federal statute is implicated by plaintiff's claim. This action is therefore appropriately subject to dismissal under section 1915(e). Lowe v.

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

Hustetler, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, the application to proceed <u>in forma pauperis</u> is granted and this action is dismissed under § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 9/21/07*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE